# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                    Case No:   6:24-cv-977-JSS-LHP

JEANETTE DELGADO,

      Defendant

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** UNITED STATES' RENEWED MOTION TO APPOINT AND SUBSTITUTE AS DEFENDANT A PERSONAL REPRESENTATIVE FOR THE ESTATE OF JEANETTE DELGADO (Doc. No. 14)
>
> **FILED:** September 12, 2024
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

On May 24, 2024, the United States instituted this action against Defendant Jeanette Delgado, seeking to reduce to judgment unpaid federal tax liabilities for the 2014 tax year. Doc. No. 1. While attempting to effect service of process, the

United States learned that Ms. Delgado passed away on April 20, 2023. Doc. No. 7. By the present motion, the United States asks that the Court appoint Annette Torruellas, Ms. Delgado's daughter, as the personal representative of the estate of Ms. Delgado, solely for purposes of defending against this lawsuit. Doc. No. 14.[1]

The United States submits documentation demonstrating that Ms. Delgado's husband, Carlos Otero, predeceased her, and that Ms. Delgado did not subsequently remarry. Doc. No. 15, at 2; Doc. Nos. 15-1, 15-2, 15-3. The United States' investigation determined that no probate case has been opened for Ms. Delgado, and the United States is unaware of any existing will. Doc. No. 14, at 11; Doc. No. 15, at 2. The United States has been in contact with Ms. Torruellas, Ms. Delgado's daughter, who stated that she does not intend to open any probate case, and that Ms. Torruellas is willing to serve as the representative of Ms. Delgado's estate for purposes of defending against this case. Doc. No. 15, at 2–3. Accordingly, the United States seeks an order appointing Ms. Torruellas as personal representative of Ms. Delgado's estate solely to defend this matter, and to amend its complaint to substitute Ms. Torruellas, in her capacity as personal representative, as the named Defendant. Doc. No. 14, at 2.

---

[1] On August 9, 2024, the United States filed a prior version of this motion, which the Court denied without prejudice for failure to provide sufficient information. *See* Doc. Nos. 9, 11.

Federal Rule of Civil Procedure 25(a)(1) provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." To determine the proper party to be substituted, the Court looks to state law. *See* Fed. R. Civ. P. 17(b)(3); *Escareno v. Noltina Crucible & Refractory Corp.*, 139 F.3d 1456, 1459 (11th Cir. 1998). Under Florida law, only a personal representative has capacity to defend an action on behalf of a decedent. *See United States v. Est. of Schoenfeld*, 344 F. Supp. 3d 1354, 1367 (M.D. Fla. 2018) ("Under Florida law, 'it is well-settled that an "Estate" is not an entity that can be a party to litigation. It is the personal representative of the estate, in a representative capacity, that is the proper party.'" (quoting *Spradley v. Spradley*, 213 So. 3d 1042, 1045 (Fla. Dist. Ct. App. 2017))). *See also* Fla. Stat. § 733.612(20).

Here, however, no personal representative has been appointed for Ms. Delgado's estate, and there appears to be no will and no probate proceedings have/will be opened for Ms. Delgado's estate. Doc. No. 15, at 2–3. Federal courts under similar circumstances (and applying similar state laws) have determined that the All Writs Act, 28 U.S.C. § 1651, vests federal courts with power to appoint a personal representative for a decedent's estate where no such personal representative exists. *See* Doc. No. 14-1; *United States v. Pansier*, No. 17-C-1740, 2020 WL 8299753, at *1 (E.D. Wis. Dec. 7, 2020); *Murphy v. United States*, No. 3:18-CV-2809-E-BK, 2019 WL 13043047, at *1 (N.D. Tex. Oct. 16, 2019); *see also Cyr v.*

*United States*, No. 3:21-CV-01869-JR, 2023 WL 6380030, at *3 (D. Or. Aug. 11, 2023), *report and recommendation adopted*, 2023 WL 6381345 (D. Or. Sept. 29, 2023). The Court finds this reasoning persuasive, and will accordingly appoint a representative for Ms. Delgado's estate for the sole purpose of defending against the present case. *See id.* Consistent with this authority and the United States' requests, the Court notes that this is not a probate proceeding, and thus, the Court will not probate any will, administer Ms. Delgado's estate, or dispose of property in the custody of any state probate court. *See id.*

The question then is whether Ms. Torruellas would be the proper representative. Under Florida law, the personal representative of a decedent's estate is selected in the following order of preference for intestate estates:

> (1) The surviving spouse.
>
> (2) The person selected by a majority in interest of the heirs.
>
> (3) The heir nearest in degree. If more than one applies, the court may select the one best qualified.

Fla. Stat. § 733.301. Here, the United States submits that Ms. Delgado has no surviving spouse. Doc. Nos. 15, at 2; 15-2. Where there is no surviving spouse, under Florida law the entire intestate estate descends to the descendants of the decedent. Fla. Stat. § 732.103(1). As Ms. Torruellas is a descendant of Ms. Delgado, then, it appears that appointment of Ms. Torruellas would be appropriate.

*See* Doc. No. 14-1, at 4–12 (April 14, 2021 order from the United States District Court for the District of Minnesota appointing heir as personal representative of estate of decedent where there was no surviving spouse).

Although the United States says that Ms. Torruellas is willing to serve as the representative of Ms. Delgado's estate for purposes of defending this lawsuit, the United States was unable to obtain a declaration from Ms. Torruellas to that effect. Doc. No. 15, at 2–3. Accordingly, the Court will preliminarily appoint Ms. Torruellas as personal representative—pending her acceptance of the appointment and subject to the requirements set forth below—for the sole purpose of defending against the present case. *See* Doc. No. 14-1, at 10–11 (April 14, 2021 Order from the United States District Court for the District of Minnesota doing same).

Accordingly, it is **ORDERED** as follows:

1. The United States' Renewed Motion to Appoint and Substitute as Defendant a Personal Representative for the Estate of Jeanette Delgado (Doc. No. 14) is **GRANTED**, as set forth herein.

2. Pending acceptance of her appointment, Annette Torruellas is appointed as personal representative of the estate of Jeanette Delgado, for the sole purposes of defending the present action.

3. Within **fourteen (14) days** of the date of this Order, the United States shall serve on Ms. Torruellas a copy of this Order, a copy of the docket in this

case, and a copy of the complaint.  **By the fourteen (14) day deadline**, the United States shall file a certificate of service with the Court.

4. Within **fourteen (14) days** after service, Ms. Torruellas shall file with the Court a notice informing the Court of her acceptance of the appointment, or alternatively, she shall file a notice of her rejection of the appointment by stating her refusal to serve as personal representative.  If Ms. Torruellas refuses the appointment, she is directed to identify any other individuals who might qualify for appointment under Florida law.

5. If Ms. Torruellas files a notice accepting the appointment, within **fourteen (14) days** of said acceptance, the United States shall file an amended complaint naming as Defendant Ms. Torruellas, in her capacity as personal representative of Ms. Delgado's estate.  The United States shall thereafter serve a copy of the summons and amended complaint upon Ms. Torruellas in accordance with the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** in Orlando, Florida on October 29, 2024.

_Leslie Hoffman Price_
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

Unrepresented Parties